**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**VINCENT PACELY,**

    **Plaintiff**

**v.**                                                       **No. 12-cv-0152 MCA/SMV**

**MARK D. LOCKETT,**
**and GERALD CHAMPION**
**REGIONAL MEDICAL CENTER,**

    **Defendants.**

## TENTATIVE RULING

THIS MATTER is before the Court on Defendant Gerald Champion Regional Medical Center's Motion to Compel Complete Answers to Requests for Admission and Interrogatories [Doc. 80], filed on January 30, 2013. Briefing is complete, and a telephonic hearing is set for April 17, 2013. In an effort to resolve the dispute, I propose this tentative ruling.

I. Requests for Admissions

Defendant Gerald Champion Region Medical Center ("GCRMC") has moved the Court to compel Plaintiff to provide "complete Answers" to Requests Nos. 1–5, 7, 11, and 13. However, Plaintiff has denied each of those requests. *See Pleasant Hill Bank v. U.S.*, 60 F.R.D. 1 (W.D. Mo. 1973) (responding party waives any objections to a request for admission by answering the request). Plaintiff's answer to each of the disputed requests is "Deny." There is no need for more "complete" answers. The Court's tentative ruling is to deny the Motion to Compel with respect to the requests for admissions, with the understanding that the requests are deemed denied.

II. Interrogatories

GCRMC has moved the Court to overrule Plaintiff's objections to Interrogatory Nos. 5, 6, 8, and 26. Plaintiff objected to each interrogatory on the ground that it "calls for a legal conclusion." Rule 33(b) reads, in part:

> An interrogatory otherwise proper is not necessarily objectionable because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact, but the court may order that such interrogatory need not be answered until after designated discovery has been completed or until a pretrial conference or other later time.

Generally, interrogatories requiring legal or factual conclusions or opinions are to be answered "when they would serve a substantial purpose in expediting the lawsuit, leading to evidence or narrowing the issues." *Alta Health Strategies, Inc. v. Kennedy*, 790 F. Supp. 1085, 1100 (D. Utah 1992) (quoting *Luey v. Sterling Drug*, Inc., 240 F. Supp. 632, 636 (W.D. Mich. 1965)). The Court finds that answers to Interrogatories 5, 6, 8, and 26 will expedite the litigation and lead to evidence or a narrowing of the issues. However, I also find that the interrogatories violate the attorney-work-product doctrine to the extent they ask Plaintiff to identify witnesses "who will testify to these facts." A more appropriate request would be for the identity of witnesses "who have knowledge of these facts." Accordingly, my tentative ruling is that the Motion to Compel will be granted in part and denied in part. Plaintiff's objections are overruled, and Plaintiff will be ordered to serve full and complete supplemental answers to the interrogatories. However, Plaintiff will not be required to identify "witnesses who will testify" to the facts in question but, rather, "witnesses who have knowledge of" the facts in question.

This is a tentative ruling only. Counsel for all parties affected by the ruling are instructed to confer with each other to determine whether they are willing to accept the tentative ruling. If they are, GCRMC's counsel shall prepare an order, circulate it for approval, and submit it for my signature at smvproposedtext@nmcourt.fed.us. If the tentative ruling does not resolve the dispute, then **no later than April 12, 2013**, counsel for GCRMC shall send me a brief letter stating only those requests for admissions and interrogatories that remain in dispute. At the hearing, I will ask the party opposed to the tentative ruling to argue first. Thus, for example, if Defense counsel is not satisfied with my tentative ruling on the requests for admissions, she will argue first on that issue. If counsel for Plaintiff is not satisfied with my tentative ruling on the interrogatories, he will argue first on that issue.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**